IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00906-MEH

CATRICE THOMAS, as the surviving biological daughter and surviving heir of the decedent, Martel C. Thomas, and
ESTATE OF MARTEL THOMAS,

      Plaintiffs,

v.

YOLANDA WHITE-GORDON, individually and as a current or former employee or authorized agent of the City & County of Denver Pretrial Services,

      Defendant.

---

## ORDER ON MOTION TO STAY DISCOVERY

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is the Defendant's Motion to Stay Discovery [filed November 19, 2015; docket #38].  The Court finds that further briefing and oral argument would not materially assist the Court in adjudicating this motion.  For the reasons that follow, Defendant's motion is **granted**.

## I.    Background

      Plaintiffs initiated this lawsuit in Denver County District Court following the death of Catrice Thomas' father, Martel Thomas ("Decedent"), who was allegedly killed by Kenneth Mackey on November 26, 2013.  Docket #6.  The originally-named Defendants removed the action here and responded to the Complaint by filing a motion to dismiss; the Court granted the motion, but allowed Plaintiffs to file a Second Amended Complaint.  Dockets ## 1, 12, 24.  In the operative Second Amended Complaint filed on October 6, 2015, Plaintiff named Yolanda White-Gordon as the sole Defendant in this case.  Docket #31.  On November 6, 2015, Defendant responded to the Second

Amended Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* docket #36. Thereafter, Defendant filed the present Motion to Stay, asserting she is entitled to a stay of discovery and that it serves the interests of judicial economy and the conservation of resources to stay proceedings and resolve the issue of qualified immunity at the earliest possible stage in the litigation. *See* docket #38.

## II.    Discussion

The Supreme Court has emphasized the broad protection qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). Consequently, courts should resolve the purely legal question raised by a qualified immunity defense at the earliest possible stage in litigation. *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Medina v. Cram,* 252 F.3d 1124, 1127-28 (10th Cir. 2001).

In this case, the Defendant has filed a motion to dismiss the constitutional claim(s) raised in Plaintiff's Second Amended Complaint alleging, among other defenses, that in her official capacity she enjoys immunity under the Colorado Governmental Immunity Act and, in her individual capacity, she enjoys qualified immunity from the Plaintiff's claim(s). The Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because the Defendant's Motion to Dismiss raises legal questions of this Court's jurisdiction over the subject matter of the dispute, the question should be resolved as early as possible in the litigation. *See Albright,* 51 F.3d at 1534. Consequently, the Court will grant the

Defendant a temporary stay of discovery in this case pending the resolution of her Motion to Dismiss.

## III.      Conclusion

Accordingly, it is ORDERED that Defendant's Motion to Stay Discovery [filed November 19, 2015; docket #38] is **granted**.  Discovery in this case is stayed pending the final ruling on Defendant's Motion to Dismiss.   Accordingly, the Scheduling Conference currently set for December 10, 2015 is **vacated**.  The parties are directed to submit a status report within five days of the entry of any final order adjudicating the pending Motion to Dismiss.

Dated at Denver, Colorado, this 20th day of November, 2015.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge