IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00906-MEH

CATRICE THOMAS, as the surviving biological daughter and surviving heir of the decedent, Martel C. Thomas, and
ESTATE OF MARTEL THOMAS,

    Plaintiffs,

v.

YOLANDA WHITE-GORDON, individually and as a current or former employee or authorized agent of the City & County of Denver Pretrial Services,

    Defendant.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Plaintiff's Motion to Reconsider [filed January 15, 2016; docket #51]. The matter is briefed to the extent required by law, and the Court finds that oral argument will not assist with adjudication of the motion. For the reasons that follow, Plaintiff's motion is denied.

**I.    Background**

    Plaintiffs initiated this lawsuit in Denver County District Court following the death of Catrice Thomas' father, Martel Thomas ("Decedent"), who was allegedly killed by Kenneth Mackey on November 26, 2013. Docket #6. The originally-named Defendants removed the action here and responded to the Complaint by filing a motion to dismiss; the Court granted the motion, but allowed Plaintiffs to file a Second Amended Complaint. Dockets ## 1, 12, 24. In the operative Second Amended Complaint filed on October 6, 2015, Plaintiffs named Yolanda White-Gordon as the sole Defendant in this case. Docket #31. On November 6, 2015, Defendant responded to the Second

Amended Complaint by filing a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). *See* docket #36.  On January 11, 2016, the Court granted the motion in part and remanded the remainder of the claims to state court.  Docket #49.  The present motion followed.

After quoting several portions of the Court's order, Plaintiffs argue, "the Court did not consider evidence or law presented by the plaintiff in her Response or Notice of Supplemental Authority. Any governmental employee charged with public safety who allows a man with four (4) prior felony convictions - whom was already on bond for attempted murder charges with a gun - to commit at least four (4) more violent felony offenses including another homicide, all while under her 'intensive supervision' should shock the conscience of any federal judge. If it does not, then a much bigger, scarier problem exists."  Docket #51 at 2-3.

Defendant counters that "Plaintiffs' instant motion presents none of the scenarios to warrant reconsideration, per relevant precedent. Rather, it merely regurgitates portions of this Court's Order, while suggesting this Court should find inapposite to existing precedent. Accordingly, Plaintiffs' motion must be denied."  Docket #52 at 2.

Although provided the opportunity to do so, Plaintiffs did not file a reply brief.

**II.    Discussion**

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991).  Nevertheless, "motions for reconsideration are routinely entertained in one form or another, by federal courts." *U.S. ex rel. Superior Steel Connectors Corp. v. RK Specialities, Inc.*, No. 11-cv-01488-CMA, 2012 WL 3264296, at *1 (D. Colo. Aug. 10, 2012) (unpublished).  The bases for granting reconsideration are extremely limited:

Grounds warranting a motion to reconsider include (1) an intervening change in the

> controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Plaintiffs do not specifically identify which basis upon which they rely for the motion; however, because there appear to be no indications that (1) or (2) apply, the Court will construe Plaintiffs' argument under the third basis.

The Court finds Plaintiffs have not demonstrated a need to correct clear error or prevent manifest injustice by reconsidering and/or vacating the Court's order. Plaintiffs do not argue that the Court misapprehended the facts, its position, or the controlling law. In fact, Plaintiffs argued in response to the motion to dismiss that the Court should consider evidence outside of the pleadings, but the Court determined it was appropriate not to do so. Order, docket #49 at 2 ("Although the Plaintiffs do not expressly invoke Fed. R. Civ. P. 12(d), they assert there exist disputed issues of fact in this case and attach evidence outside the pleading to support their arguments. However, the Court will proceed with analyzing only the relief requested in the motion pursuant to Fed. R. Civ. P. 12(b)").

That is, the Court considered the Plaintiffs' arguments and the information provided in their response brief and Notice of Supplemental Authority[1], and determined that it was proper to analyze

---

[1] The Court notes that Plaintiffs' "Notice of Supplemental Legal Authority and Precedent" lists "summaries" of non-binding unpublished cases from the "Colo. Dist. Ct." (Adams County) and Washington Supreme Court; the Plaintiffs failed to attach copies of these cases. Docket #48. Nevertheless, the Court found the notice and its attachments contained no precedential authority and were otherwise unpersuasive for the Court's analysis of the issues raised in the motion to dismiss.

3

whether the operative pleading itself plausibly stated a federal claim pursuant to 42 U.S.C. § 1983. *Id.* The Court went on to conclude, "Plaintiffs' allegations that Defendant 'through her failure to diligently enforce court-ordered terms and conditions, and/or follow policies, customs, protocols, procedures, and training by Denver Pretrial Services, allowed Mackey the opportunity to commit at least two (2) criminal offenses while under the 'intensive' supervision of Denver Pretrial Services (November 25th and 26th 2013), the latter offense resulting in the murder of the DECEDENT' are insufficient to state plausible due process claims." *Id.* at 18-19. In the present motion, other than summarily stating that their allegations "should shock the conscience of any federal judge," the Plaintiffs proffer no argument nor legal support for the proposition that the Court's order was clearly erroneous or manifestly unjust.

The Court concludes the Plaintiffs have failed to demonstrate sufficient justification for reconsideration of the order on Defendant's motion to dismiss.

## III.    Conclusion

Based on the entire record and for the reasons stated above, the Plaintiffs' Motion to Reconsider [filed January 15, 2016; docket #51] is **denied**.

Ordered and dated at Denver, Colorado, this 9th day of February, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge